# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. FEHLMAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01206-GSA PC<br><br>ORDER DENYING MOTION TO SEAL AND TO PROCEED AS JOHN DOE, AND DIRECTING CLERK OF THE COURT TO CHANGE THE PLAINTIFF'S NAME FROM JOHN DOE TO CHARLES WINDHAM<br><br>(Doc. 3) |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983 on July 13, 2009. Plaintiff filed suit as John Doe, and seeks leave to proceed under seal and with the pseudonym John Doe. Plaintiff argues that he needs protection from the continuing risk of harassment, injury, ridicule, and/or personal embarrassment from the defendants, their agents, and/or other prison guard gang members; there is a self-evident risk of physical and mental retaliation and other harm; this matter is of a sensitive and highly personal nature; and there is no risk of prejudice to the defendants.

Filings in cases such as this are a matter of public record absent compelling justification. United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008). Plaintiff's motion is supported only by the bare, unsupported statement set forth in the preceding paragraph. Because Plaintiff has not presented any compelling justification to seal the records in this case, his motion is denied.

With respect to proceeding as John Doe, Plaintiff's identity should be concealed only in the unusual situation where the cloak of anonymity is necessary. Id. at 1012. The Court must consider whether a pseudonym "is 'necessary to protect a person from injury or harassment,'" id. (quoting

United States v. Doe (Doe II), 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)), and then "'balance the need for anonymity against the general presumption that parties' identities are public information,'" id. (quoting Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000)).

This is a civil rights action filed against prison officials at Kern Valley State Prison, where Plaintiff was previously incarcerated. Plaintiff alleges multiple claims arising from the violation of his rights under the United States Constitution and California tort law. Plaintiff alleges that the named defendants sexually assaulted him and threatened to kill him, denied him access to the courts, tampered with his mail and opened it outside of his presence, and retaliated against him. These events apparently occurred in 2008 and 2009, prior to Plaintiff's transfer to Salinas Valley State Prison.

The Eastern District of California has more than two thousand pending civil rights cases filed by prisoners. Although allegations of sexual assault are very serious, Plaintiff's complaint against prison officials is not exceptional or unusual, and Plaintiff's concern over further injury or harassment is shared by many of the other thousands of incarcerated litigants. See Stoterau at 1012-1013. Plaintiff's asserted risk of harm is even further attenuated given that Plaintiff is no longer housed at the facility where his claims arose. Plaintiff has not supported his generalized concerns with any evidence or factual specificity, and his bare concerns are simply not sufficient to demonstrate that this is an unusual case warranting use of the pseudonym John Doe.

Therefore, Plaintiff's motion to seal these proceedings and to use the pseudonym John Doe is HEREBY DENIED, and the Clerk of the Court is DIRECTED to change Plaintiff's name from John Doe to Charles Windham.

IT IS SO ORDERED.

Dated: **July 23, 2009**         /s/ **Gary S. Austin**
                           UNITED STATES MAGISTRATE JUDGE

2