# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM, | CASE NO. 1:09-cv-01206-OWW-GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION AND FOR APPOINTMENT OF COUNSEL |
| v. | |
| T. FEHLMAN, et al., | (Doc. 10) |
| Defendants. | |

Plaintiff Charles Windham is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 23, 2009, the Magistrate Judge denied Plaintiff's motion to seal these proceedings and to proceed as John Doe. On August 10, 2009, Plaintiff filed a motion for reconsideration and for the appointment of counsel, in combination with a notice of appeal.

**I.    Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are

///

claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff's motion for reconsideration is devoid of any argument that the Court erred in denying his motion to seal and to proceed as John Doe. Plaintiff's bare disagreement with the Court's decision does not entitle him to relief from the order, and his motion is denied.

**II.    Motion for Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record

in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id. Plaintiff's motion is denied.

**III.    Order**

For the reasons set forth herein, Plaintiff's motion for reconsideration and for the appointment of counsel, filed August 10, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    August 26, 2009**                              /s/ Oliver W. Wanger
                                                                                    UNITED STATES DISTRICT JUDGE