# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM, | 1:09-cv-01206-OWW-GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS; GRANTING AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT, LIMITED TO TWENTY-FIVE PAGES IN LENGTH; AND DENYING PLAINTIFF'S MOTION SEEKING INVESTIGATION |
| vs. | |
| T. FEHLMAN, et al., | |
| Defendants. | |
| | (Doc. 20) |
| _____/ | Deadline to file First Amended Complaint: June 5, 2010 |

On March 19, 2010, Plaintiff filed a motion seeking a "stay and abeyance" of this action and an extension of time (until June 15, 2010) to file an amended complaint in compliance with the Court's order of December 24, 2009. In his motion, Plaintiff represents that he has been held incommunicado at California State Prison, Los Angeles since February 10, 2010, that his prescription glasses have been destroyed, he has been unable to access the law library, and has been denied, among other things, paper, pens, and envelopes. Plaintiff also seeks "federal court intervention and investigation."

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear

the matter in question.  Id.  At this point in time, there is no case or controversy before the Court regarding the conditions under which Plaintiff is being held at CSP, Los Angeles. Further, any such claims would fall within the jurisdiction of the United States District Court in the Central District of California.  Thus, to the extent that Plaintiff seeks this court initiate "intervention and investigation" into Plaintiff's statements regarding how he is being treated and/or the conditions of his confinement at CSP, Los Angeles, Plaintiff's request must be denied for lack of jurisdiction.

Plaintiff fails to provide any factual or legal basis for the "stay and abeyance" of this action which he requests, and the Court finds none.  It appears more than reasonable to grant Plaintiff an extension of time, up to and including June 5, 2010, for Plaintiff to file an amended complaint.

The Court will grant Plaintiff an extension of time to file an amended complaint. However, Plaintiff's amended complaint may not exceed twenty-five pages in length, excluding exhibits if any are submitted.  Plaintiff is required to state what his claims are and the facts in support of the claims.  As Plaintiff was instructed via the form complaint, he is not to cite legal authority or make legal arguments.  A pleading is not the proper vehicle for Plaintiff to argue his case.  Plaintiff is to simply and clearly state his claims with sufficient supporting facts to show his rights were violated and by whom.  Nothing further is necessary.  Fed. R. Civ. P. 8(a). If Plaintiff's amended complaint violates this order or Federal Rule of Civil Procedure 8(a), it will be stricken from the record.

Further, Federal Rule of Civil Procedure 18(a) states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court must be able to discern a relationship between Plaintiff's claims. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) do not make claims related for purposes of compliance with Rule 18(a). Plaintiff is advised that if his amended complaint fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file an amended complaint is granted, and Plaintiff shall file an amended complaint **on or before June 5, 2010**;
2. The amended complaint may not exceed **twenty-five (25) pages** in length, excluding exhibits if any are submitted and must not include unrelated claims;
3. If Plaintiff's amended complaint violates this order or Federal Rule of Civil Procedure 8(a), it will be stricken from the record;
4. If Plaintiff's amended complaint violates this order or Federal Rule of Civil Procedure 18(a) any unrelated claims will be dismissed from the action;
5. Plaintiff's motion that this action be stayed is denied;
6. Plaintiff's motion that this Court initiate intervention an investigation into Plaintiff's treatment at CSP, Los Angeles is denied; and
7. If Plaintiff fails to file an amended complaint on or before June 5, 2010, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **March 23, 2010**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE