# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>T. FEHLMAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01206-OWW-GSA PC<br><br>ORDER DIRECTING PLAINTIFF TO NOTIFY OF DESIRE TO VOLUNTARILY DISMISS PER FEDERAL RULE OF CIVIL PROCEDURE 41, OR FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 22) |

    Plaintiff Charles Windham, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 13, 2009.

    On December 24, 2009, Plaintiff's complaint was dismissed with leave to file an amended complaint within thirty days as Plaintiff had failed to state any claims upon which relief may be granted under section 1983.  On March 24, 2010, Plaintiff filed a motion to dismiss wherein he requested that this Court to dismiss this case and allow Plaintiff to appeal to the Ninth Circuit Court of Appeals.

    Rule 41 of the Federal Rules of Civil Procedure (hereinafter "Rule 41") provides that a Plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, and that unless the notice states otherwise the dismissal "is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

At this stage in the proceedings, Plaintiff has the absolute right to dismiss his claims, without prejudice. *Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001). However, Plaintiff cannot appeal an order granting his request for voluntary dismissal under Rule 41 (*Humphreys v. U.S.*, 272 F.2d 411 (9th Cir. 1959) as one seeking dismissal should not be allowed to complain when granted the desired relief (*Purer & Co. v. Aktiebolaget Addo*, 410 F.2d 871 (9th Cir. 1969)) which is particularly true where the dismissal issues without prejudice such that Plaintiff would be able to reinstate the action (*State of Md. for Use of Costas v. Atlantic Aviation Corp.*, 361 F.2d 873 (3d Cir. 1966); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976)).

If the Court grants Plaintiff's request to voluntarily dismiss this action under Rule 41, he will not be able to appeal to the Ninth Circuit Court of Appeals as he desires to do – which raises questions as to whether Plaintiff truly desires dismissal under Rule 41. Plaintiff's complaint has been screened and dismissed with leave for Plaintiff to file an amended complaint, and prior to filing of the subject motion, the Court was waiting for Plaintiff to file an amended complaint. This being the case, it seems most appropriate for Plaintiff to be allowed to either notify the Court of his desire to voluntarily dismiss under Rule 41, or to file an amended complaint.

Accordingly, within **thirty (30) days** from the date of service of this order, Plaintiff shall either file an amended complaint or notify this Court that he desires to voluntarily dismiss this action under Rule 41; and if Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 7, 2010**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE